IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRIS DUNBAR,** <br> Petitioner, <br> *v.* <br> **SUPERINTENDENT OLIVER, et al.,** <br> Respondents. | **CIVIL ACTION** <br><br> **NO. 21-5235-KSM** |

**ORDER**

**AND NOW** this 1st day of July, 2024, upon consideration of the Report and Recommendation of the Honorable Pamela A. Carlos (the "R&R") (Doc. No. 17), to which neither party objects, it is **ORDERED** as follows:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**.

2. The Petition for Writ of Habeas Corpus is **DENIED WITH PREJUDICE.**

3. There is no probable cause to issue a certificate of appealability.[1]

4. The Clerk of Court shall mark this case **CLOSED.**

**IT IS SO ORDERED.**

/s/ *Karen Spencer Marston*

KAREN SPENCER MARSTON, J.

---

[1] Because jurists of reason would not debate the procedural or substantive dispositions of Petitioner's claims, no certificate of appealability should be granted. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. . . .  When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.").